**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **FRANK LOPEZ,** | ) | |
| | ) | |
| Plaintiff, | ) | No. 09 C 4733 |
| v. | ) | |
| | ) | |
| **FORD MOTOR COMPANY,** a Corporation; **TRI-TEC, LLC,** a Limited Liability Company; **FLAME RESISTANT GARMENTS, INC.,** a Corporation; individually and d/b/a **CODE RED**; and **ARISTEO CONSTRUCTIONS,** a Corporation, | ) ) ) ) ) ) ) | **Magistrate Judge Cole** |
| | ) | |
| Defendants. | ) | |
| ------------------------------------------------------------ | ) | |
| **FORD MOTOR COMPANY, ARISTEO CONSTRUCTION, FLAME RESISTANT GARMENTS, INC., and TRI-TEC, LLC,** | ) ) ) ) | |
| Defendants/Third-Party Plaintiffs, | ) | |
| v. | ) | |
| | ) | |
| **OVERHEAD CONVEYOR COMPANY,** | ) | |
| | ) | |
| Third-Party Defendant. | ) | |
| ------------------------------------------------------------ | ) | |
| **FORD MOTOR COMPANY, FLAME RESISTANT GARMENTS, INC. , and TRI-TEC, LLC,** | ) ) ) | |
| | ) | |
| Defendants/Third-Party Plaintiffs, | ) | |
| v. | ) | |
| | ) | |
| **KEYES2SAFETY, INC.,** | ) | |
| | ) | |
| Third-Party Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

The plaintiff served Ford with his complaint on July 9, 2009, and Ford filed its action for contribution/indemnity against Keyes2Safety ("Keyes") on August 16, 2011. Illinois law requires

that such claims be made within two years of either: (1) service of the underlying action; or (2) the time the third-party plaintiff knew, or reasonably should have known, of an act or omission giving rise to the claim. 735 ILCS 5/13-204. Keyes argues that Ford was served more than two years before it filed its claim against Keyes, and that Ford knew or should have known that it had a potential claim for contribution/indemnity against Keyes no later than when it was served with Mr. Lopez's complaint. Keyes has moved to dismiss Ford's third-party complaint, claiming that it was brought after the statute of limitations expired.

Plaintiff's complaint alleges that he was an employee of Overhead Conveyor Company ("OOC") and that he sustained personal injuries on July 5, 2007, while working at Ford Motor Plant in Chicago, Illinois. (Dkt. #2, Count I, ¶¶ 2, 7-9, Count II, ¶¶ 5-6). Ford had contracted with OOC to perform work at the plant and OOC, in turn, OOC subcontracted out certain tasks to other firms. One of those subcontractors was Keyes, which was brought in as a safety coordinator. Ford claims that it had no idea Keyes was involved in the project or on the premises. Ford also claims that, despite its diligence, it was unable to obtain any documents in discovery from OOC that indicated Keyes' participation. None of the documents OOC produced identified Keyes as its subcontracted safety coordinator. According to Ford, it was not until July 19, 2011, that it learned of Keyes' involvement; that was when OOC indicated that Keyes was its safety coordinator on the project. That would have been just about a week and a half after the Statute of limitations had run. Ford filed its third-party action against Keyes about a month later, on August 16, 2011.

As already noted, the applicable statute of limitations for contribution/indemnity claims requires that such a claim be filed within two years after the party is served in the underlying action or within two years after the party knew or should have known of an action or omission giving rise

to a contribution claim. 735 ILCS 5/13–204(b)). Under the discovery rule, the statute of limitations begins to run once a party has sufficient knowledge to put a reasonable party on inquiry to determine whether a cause of action exists. *Clark v. Children's Memorial Hosp.*, – Ill.2d –, 955 N.E.2d 1065, 1089 (2011); *Brdar v. Cottrell, Inc.*, 372 Ill.App.3d 690, 705, 867 N.E.2d 1085, 1099-1100 (5th Dist. 2007).

The question of when a party has sufficient knowledge to trigger the statute of limitations is ordinarily a question of fact for the jury. *Mitsias v. I-Flow Corp.*, 959 N.E.2d 94, 111-112 (1st Dist. 2011); *Brdar*, 372 Ill.App.3d at 705, 867 N.E.2d at 1100. A contribution claim can only be dismissed before trial if it is apparent from undisputed facts that the third-party plaintiff reasonably should have known that it had a contribution claim more than two years before filing its third-party complaint and, only a single conclusion may be drawn from the undisputed facts. *Brdar*, 372 Ill.App.3d at 706, 867 N.E.2d at 1100; *see also Mitsias*, 959 N.E.2d at 112.

In its opening brief, Keyes contends that plaintiff's "complaint alerted Ford of the fact that other entities . . .were involved in the 'erection, construction, repairs, alteration, removal, and/or painting' at the Ford Plant." (*Memorandum in Support of Keyes' Motion*, at 8). While true, the plaintiff's complaint made no mention of any firms other than OOC doing work at the Ford plant. (Dkt. #2, ¶ 2). An unspecified reference to other firms being involved in the construction is not sufficient to put Ford on notice that Keyes was one of them or to put a reasonable party on inquiry that Keyes was involved.

Beyond that, Keyes points to Ford's own allegations in its third-party complaint to show that Ford knew about Keyes being part of the project:

> Indeed, in its third-party complaint, Ford alleges that [Keyes] was present at its Plant
> at the time of the accident, and performing safety-related work for [OOC] pursuant

to a contract.

(*Memorandum in Support of Keyes' Motion*, at 8). This allegation merely shows that Ford knew about Keyes by the time it filed its third-party complaint. But the question is *when* did Ford know or reasonably should have known that Keyes was part of the project, and the third-party complaint does not answer that question.

In addition, Keyes reliance on *Brdar* is misplaced. There, the testimony was that the third-party defendant assumed that its customers would be buying replacement equipment from other companies, one of which turned out to be the third-party defendant. 372 Ill.App.3d at 706, 867 N.E.2d at 1100. Here, the allegations in the pleadings do not indicate that Ford knew any firm other than OOC would be involved in the project at its plant. This is how things stood when Keyes filed its reply brief, to which it attached what purports to be a contract between Ford and OOC, a safety addendum to that contract, and the report made in the wake of plaintiff's accident.

Evidence like the documents Keyes appended to its reply don't ordinarily come into play in a motion to dismiss. Courts can consider documents attached to a pleading in deciding a motion to dismiss. *Wigod v. Wells Fargo Bank, N.A.*, – F.3d –, –, 2012 WL 727646, *2 (7th Cir. 2012); *Reger Development, LLC v. National City Bank*, 592 F.3d 759, 764 (7th Cir. 2010). Courts may also consider documents, such as contracts, that the complaint refers to or that are central to the complaint. *Tierney v. Vahle*, 304 F.3d 734, 738 (7th Cir. 2002). Neither is the case here. Ford neither mentioned nor attached the documents in question to its third-party complaint. Moreover, the documents are not central to Ford's claims as they would be were this a contract dispute. *Tierney*, 304 F.3d at 738.

Sometimes, a movant will rely upon documents attached to its motion to dismiss. In such cases, the court can consider the evidence if it converts the motion to one for summary judgment and gives the opposing party notice and opportunity to respond. Fed.R.Civ.P. 12(d); *188 LLC v. Trinity Industries, Inc.*, 300 F.3d 730, 735 (7th Cir. 2002). That's not what Keyes did here. Keyes' introduction of the documents came in its reply brief, which is too late. "A reply brief is for replying" not for raising essentially new matters or for introducing argument or evidence that ought to have been introduced in an opening brief. *Hussein v. Oshkosh Motor Truck Company*, 816 F.2d 348, 360 (7th Cir. 1987)(Posner, J., concurring). *See also Broaddus v. Shileds*, 665 F.3d 846, 854 (7th Cir. 2011); *Dexia Credit Local v. Rogan,* 629 F.3d 612, 625 (7th Cir. 2010); *Bodenstab v. County of Cook*, 569 F.3d 651, 658 (7th Cir. 2009). Ford not only had no opportunity to respond to the documents, but the court had no opportunity to alert Ford that it would have to convert the motion to one for summary judgment under Rule 12(d).

Finally, even if the documents could be considered under Rule 56, Federal Rules of Evidence, the contract would be inadmissible on the present record. To be admissible in a summary judgment proceeding, the evidence must be admissible at trial under the Federal Rules of Evidence. *See Article II Gun Shop, Inc. v. Gonzales*, 441 F.3d 492, 496 (7th Cir. 2006); *Eisenstadt v. Centel Corp.*, 113 F.3d 738, 742 (7th Cir. 1997); *Alexander v. CareSource,* 576 F.3d 551 (6th Cir. 2009); 10A Charles Alan Wright et al., *Federal Practice & Procedure* § 2722, at 379-80 & 382-84 (1998). The contract that Keyes has attached to its reply brief is not authenticated, and thus would not be admissible even if this were a summary judgment proceeding. *See* Rule 901, Federal Rules of Evidence. *Hecker v. Deere & Co.*, 556 F.3d 575, 582 (7th Cir. 2009); *Tierney*, 304 F.3d at 738; *Article II Gun Shop, Inc. v. Gonzales*, 441 F.3d 492, 496 (7th Cir. 2006).

**CONCLUSION**

The motion of third-party defendant Keyes2Safety to dismiss Ford's third-party complaint [# 141] is DENIED. Keyes2Safety is free to refashion its motion into a properly supported motion for summary judgment, if it chooses to do so.

ENTERED: _____
UNITED STATES MAGISTRATE JUDGE

DATE: 3/26/12